**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOSEPH M. SCOVITCH,
                  Appellant,

        v.

NATIONAL ARCHIVES AND
    RECORDS ADMIN,
                  Agency.

DOCKET NUMBER
DC-3443-15-1049-I-1

DATE: February 25, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joseph M. Scovitch</u>, College Park, Maryland, pro se.

<u>Hannah Bergman</u>, College Park, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

In August 2015, approximately 6 years after retiring from service with the agency, the appellant, a former Archives Technician, filed a Board appeal. Initial Appeal File (IAF), Tab 1, Tab 7 at 13. On his appeal form, the appellant indicated that he was appealing the failure of the agency's Office of the Inspector General (OIG) to act on a complaint that he filed in November 2011, which, according to the appellant, pertained to missing and inaccurate records regarding the Holocaust in Italy. IAF, Tab 1 at 3. The appellant further indicated that, although he was retired, he wanted the Board to consider him a whistleblower and also indicated that he had not filed a complaint with the Office of Special Counsel (OSC). *Id*. at 3-4.

The administrative judge issued an order on jurisdiction, in which she informed the appellant of the elements and burdens of proof for establishing Board jurisdiction over an individual right of action (IRA) appeal, including the requirement to establish that he exhausted his administrative remedies before OSC. IAF, Tab 9 at 2-6. In response, among other filings, the appellant

submitted a September 10, 2015 email from OSC, which indicated that the appellant had filed a complaint with OSC's Disclosure Unit.  IAF, Tab 14.

¶4	Thereafter, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 18, Initial Decision (ID).  She found that the Board lacked jurisdiction over the appellant's claims as a direct appeal to the Board.  ID at 2.  She further found that the Board lacked jurisdiction over the appellant's claim as an IRA appeal, because the appellant had failed to demonstrate that he exhausted his administrative remedies with OSC by seeking corrective action from OSC's Complaints Examining Unit regarding a complaint of reprisal or retaliation for whistleblowing.  ID at 4.

¶5	The appellant has filed a petition for review of the initial decision, in which, among other things, he argues that the agency is committing illegal, criminal, and fraudulent actions regarding data and materials pertaining to the Holocaust.  Petition for Review (PFR) File, Tab 1 at 3-5.  The agency has filed a response to the petition for review, and the appellant has filed a reply.[2]  PFR File, Tabs 3-4.

**ANALYSIS**

The Board lacks jurisdiction over the appellant's claims as an IRA appeal.

¶6	The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  As to the exhaustion requirement,

---

[2] It appears that the appellant erroneously electronically filed his reply as a cross petition for review.  PFR File, Tab 4 at 3.

the Board may only consider those disclosures of information and personnel actions that the appellant raised before OSC. *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶¶ 14, 18 (2004). The appellant bears the burden of demonstrating by preponderant evidence that he sought corrective action from OSC and exhausted his administrative remedies there. *Briley v. National Archives & Records Administration*, 236 F.3d 1373, 1377 (Fed. Cir. 2001); 5 C.F.R. § 1201.57(c)(1).

¶7    On review, the appellant does not challenge the administrative judge's finding that the Board lacks jurisdiction over his claims as an IRA appeal, and we discern no basis to disturb that well-reasoned finding on review. PFR File, Tabs 1, 4. In response to the administrative judge's jurisdictional order, the appellant filed an email indicating that he had filed a complaint with OSC's Disclosure Unit. IAF, Tab 14. However, unlike OSC's Complaints Examining Unit, the Disclosure Unit does not review allegations of prohibited personnel practices, and making a disclosure to the Disclosure Unit does not satisfy the exhaustion requirement under 5 U.S.C. § 1214(a)(3). *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 16 (2011); *Sabbagh v. Department of the Army*, 110 M.S.P.R. 13, ¶¶ 10-15 (2008). There is no indication that the appellant ever filed a complaint with OSC's Complaints Examining Unit, or otherwise sought corrective action from OSC regarding a prohibited personnel practice. IAF, Tabs 10-15, 17. Accordingly, the administrative judge correctly found that the Board lacks jurisdiction over the appellant's claims as an IRA appeal. ID at 4; *see also Clemente v. Department of Homeland Security*, 101 M.S.P.R. 519, ¶ 13 (2006) (dismissing an appeal for lack of jurisdiction where the appellant failed to demonstrate that he filed a complaint with OSC's Complaints Examining Unit regarding potential prohibited personnel practices).

The Board otherwise lacks jurisdiction over the appellant's claims.

¶8    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection*

*Board*, [759 F.2d 9](#), 10 (Fed. Cir. 1985). Thus, it follows that the Board does not have jurisdiction over all matters that are alleged to be unfair or incorrect. *Johnson v. U.S. Postal Service*, [67 M.S.P.R. 573](#), 577 (1995). Having considered the appellant's submissions below and on review, we agree with the administrative judge that the appellant has not raised any claim that, outside the context of a potential IRA appeal, would be within the Board's authority to address.[3]  ID at 2.

¶9        Chapter 75 of title 5 grants the Board jurisdiction to hear appeals of certain enumerated adverse actions taken by an agency against an employee. [5 U.S.C. §§ 7512](#), 7513(d).  Such appealable adverse actions include a removal, a suspension for more than 14 days, a reduction in pay or grade, and certain furloughs. [5 U.S.C. § 7512](#). The administrative judge properly found that the appellant's disclosures to the agency's OIG did not constitute an appealable adverse action, ID at 2, and no law, rule, or regulation otherwise grants the Board jurisdiction to review the appellant's claims that the agency is committing illegal, criminal, and fraudulent actions regarding data and materials pertaining to the Holocaust, PFR File, Tab 1 at 3-5, Tab 4 at 3.  Accordingly, the Board lacks jurisdiction to consider the merits of those claims.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

---

[3] Any error by the administrative judge in failing to inform the appellant of the jurisdictional issue presented by his claim as a non-IRA appeal was cured by the initial decision, which set forth the limited nature of the Board's jurisdiction.  ID at 2; *Fleming v. Department of Labor*, [97 M.S.P.R. 341](#), ¶ 9 (2004) (finding that, where an administrative judge failed to provide adequate notice of the jurisdictional issues in an appeal, remand was unnecessary if the initial decision provided notice of the jurisdictional issue and the appellant was afforded the opportunity to argue the jurisdictional issue on review). On review, the appellant does not argue Board jurisdiction over his appeal.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about

other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____

William D. Spencer
Clerk of the Board

Washington, D.C.